UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
RODOLFO PACHECO,

                      Plaintiff,                  NOT FOR PUBLICATION

                      v.                      **MEMORANDUM & ORDER**
                                                    20-CV-5702 (MKB)

N.S.A., C.I.A., F.B.I., MILITARY INTELLIGENCE
OR AGENCIES, and SERGEANT HERNANDEZ,

                      Defendants.
---------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

        Plaintiff Rodolfo Pacheco, proceeding *pro se*, commenced the above-captioned action on December 7, 2020, against the National Security Agency ("NSA"), the Central Intelligence Agency ("CIA"), the Federal Bureau of Investigation ("FBI"), "Military Intelligence or Agencies," and Sergeant Hernandez of Internal Affairs, alleging that he has experienced stalking and "satellite harassment" in violation of "[a]ll of" the United States Constitution (and the Fourth Amendment in particular), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 *et seq.*, "[t]ort law," and "fraud [laws]." (Compl. 5, Docket Entry No. 1.) The Court grants Plaintiff's application to proceed *in forma pauperis* for the purposes of this Memorandum and Order. (Mot., Docket Entry No. 2.) For the reasons set forth below, the Court dismisses the Complaint.

    **I.   Background**

        On a form complaint for civil rights actions, Plaintiff alleges that Defendants have surrounded him, subjected him to "satellite harassment" and "torture by satellites and shotspotter," and taken his "hardware." (Compl. 5.) Plaintiff alleges that "It can [impersonate]

people without a voice box next to human being, also when sleeping the government tries to talk in your sleep using voice-to-skull.com violating my human rights, also tort law, fraud. They do this in my sleep so I could falsely testif[y] to any crimes, framing." (*Id.*) Plaintiff alleges that Defendants have stalked him for eight years, but he first noticed their actions in November of 2019. (*Id.*) In December of 2019, he called 911 to report this activity without success. (*Id.*) He is aware of these alleged actions because when he listened to the "citizen app" with the volume turned up, he "could listen to [his] name [in] this faint voice." (*Id.* at 6.) Plaintiff claims that these actions have damaged his red blood cells, brain, and other organs and have caused him to lose thirty pounds. (*Id.*)

Plaintiff contends that these actions violate "[a]ll of [the] Constitution," and specifically the Fourth Amendment, and that Defendants have committed "hate crimes" and "war crimes" as well as violating RICO. (*Id.* at 4–5.) He requests unspecified immunity and compensation "[t]o stop this illegal interrogation." (*Id.* at 6.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers."

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

      **b.   Plaintiff's claims are frivolous**

The Court finds that Plaintiff's claims are frivolous because they rise to the level of the irrational.

A court should dismiss an action as frivolous when "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990)). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' — that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 33) (affirming dismissal of claim "that the most senior members of the United States government conspired to commit acts of terrorism against the United States" on September 11, 2001, and reasoning that "the courts have no obligation to entertain pure speculation and conjecture").

Plaintiff names several federal intelligence agencies as Defendants, along with one individual associated with the New York City Police Department, and alleges that "electronic

3

harassment" is causing voices in his head that convince him to frame himself for crimes. (Compl. 5.) These allegations are "factually frivolous" because they are "fanciful, fantastic or delusional." *Gallop*, 642 F.3d at 368–69; *see also Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (affirming *sua sponte* dismissal of complaint alleging that plaintiff was "the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Driessen v. Royal Bank of Scotland*, 691 F. App'x 21, 22 (2d Cir. 2017) (affirming dismissal as frivolous because "[plaintiff's] claim was founded on a clearly baseless notion that she had won a lottery rather than been the target of an obvious scam"); *Annis v. Vt. Prosecutors*, 568 F. App'x 9, 9 (2d Cir. 2014) (affirming dismissal of "complaint about defendants' failure to prosecute persons tracking his thoughts through a mind-reading device"); *James v. Bush*, 574 F. App'x 20, 21 (2d Cir. 2014) ("[Plaintiff's] claim that a former President personally ordered the murder of an individual appears to be the product of delusion or fantasy."); *Shoemaker v. U.S. Dep't of Justice*, 164 F.3d 619 (2d Cir. 1998) (unpublished table decision) (dismissing claims "that the government, in league with the major television networks, is reading his mind, searching his computer records, and stealing his bathroom waste"); *Sowell v. Jeffries*, No. 18-CV-3395, 2018 WL 10879389, at *1 (E.D.N.Y. June 13, 2018) (dismissing claims "that [plaintiff's] personal computer, cellphone and car were hacked and that Congressman [Hakeem] Jeffries failed to take action when she complained to him"); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible"). These claims are hereby dismissed as

4

frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[1] *See Ross v. Dempsey Unif. & Linen Supply*, 739 F. App'x 59, 60 (2d Cir. 2018) (explaining that a district court "must dismiss [a] complaint *sua sponte* if it is brought *in forma pauperis* and fails to state a claim on which relief may be granted"); *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 119 (2d Cir. 2015) (Korman, J., concurring in part and dissenting in part) ("Courts have both statutory and inherent authority to *sua sponte* dismiss frivolous suits.").

The Court finds that leave to amend would be futile because the problems with the Complaint are substantive and cannot be cured by amendment, and therefore denies leave to amend. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("Leave to amend may properly be denied if the amendment would be 'futil[e].'" (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))); *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 224–25 (2d Cir. 2017) ("Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681

---

[1] The Court notes that Plaintiff has commenced two similar actions in the Southern District of New York. *See Pacheco v. United States*, No. 20-CV-8550, 2020 WL 6292798, at *2 (S.D.N.Y. Oct. 27, 2020) (dismissing complaint because Plaintiff's claims rise to the level of the irrational); *Pacheco v. United States*, No. 20-CV-9384 (S.D.N.Y. Nov. 9, 2020), Docket Entry No. 2 (alleging, *inter alia*, that Plaintiff has been "water gated in [his] sleep with heinous crimes" for eight years). Plaintiff filed a third lawsuit that was dismissed for failure to file a motion to proceed *in forma pauperis*, and made similar allegations in his motion for reconsideration. *Pacheco v. 30th Precinct*, No. 19-CV-11915, 2020 WL 5659439, at *1 (S.D.N.Y. Sept. 23, 2020). In addition, although Plaintiff resides in Manhattan and reports that some of these events occurred in his home, transfer to the Southern District of New York is not in the interests of justice because Plaintiff's claims are frivolous. *See* 28 U.S.C. § 1406; *see also Stich v. Rehnquist*, 982 F.2d 88, 88–89 (2d Cir. 1992) (affirming *sua sponte* dismissal for improper venue where plaintiff's "lengthy complaint named as defendants Justices of the United States Supreme Court, a former United States Attorney General, bankruptcy judges in the Ninth Circuit, and others, and alleged a conspiracy dating back to 1963 to, *inter alia*, prevent enforcement of air safety laws and to exploit [plaintiff's] marital difficulties in order to deprive him of his property").

5

F.3d 114, 119 (2d Cir. 2012))).

### III. Conclusion

For the foregoing reasons, the Court dismisses the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: January 1, 2021
      Brooklyn, New York

                                        SO ORDERED:

                                        _____s/ MKB_____
                                        MARGO K. BRODIE
                                        United States District Judge